FILED
8/29/2025 2:36 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Marissa Ugarte
Bexar County - 166th District Court

(2) CIT PPS - SAC3

CAUSE NO. **2025CI20564**

| | | |
|---|---|---|
| HOLT TEXAS, LTD. D/B/A HOLT POWER SYSTEMS | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | _____ JUDICIAL DISTRICT |
| KEVIN COLLIER and JOHN NELSON, as Guarantors | § § § § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR PERMANENT INJUNCTION

Plaintiff, HOLT TEXAS, LTD. D/B/A HOLT POWER SYSTEMS ("Holt"), files this Original Petition complaining of Defendants KEVIN COLLIER and JOHN NELSON, as guarantors (collectively the "Defendants"), based upon the following:

### CLAIMS FOR RELIEF

1.  Plaintiff files this suit on sworn account and breach of contract. The damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00 and non-monetary relief. Plaintiff further demands judgment for all the other relief to which it is entitled.

### LEVEL 2 DISCOVERY

2.  Discovery in this case will be conducted under Level 2, Texas Rule of Civil Procedure 190.3.

### PARTIES

3.  Plaintiff Holt is a Texas company with its principal place of business at 5665 S.E. Loop 410, San Antonio, Bexar County, Texas 78222.

4. Defendant KEVIN COLLIER is a Texas resident doing business in this state and may be served by private process at 6850 County Road 120, Marble Falls, Texas 78654, or wherever else he may be found.

5. Defendant JOHN NELSON is a Texas resident doing business in this state and may be served by private process at 12016 Kirkland Court, Austin, Texas 78738, or wherever else he may be found.

## JURISDICTION

6. The Court has jurisdiction over Defendants because they are Texas residents, and have contracted to do business in this state, actively do business in this state, and have purposefully availed themselves to the jurisdiction of the State Courts of Texas. The damages are within the jurisdictional limits of the Court.

## VENUE

7. Venue is proper in Bexar County, Texas because the mandatory forum selection clauses in the Continuing Guaranty or Payment, signed by Defendants, expressly provides for venue in San Antonio, Bexar County, Texas.

8. Additionally, or in the alternative, venue is proper under the general venue provisions of §15.002 and/or §15.035 of the Texas Civil Practices and Remedies Code because:

   a. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county; or

   b. Plaintiff's principal place of business is in this county.

## SWORN ACCOUNT/BREACH OF CONTRACT

9. In the usual course of business, Plaintiff sold to FCI SAND OPERATIONS, LLC (the "Company") two Caterpillar Diesel Generator Sets (the "Equipment"), as shown on the Sales

Agreement attached as **Exhibit 1**, and the Invoice attached as **Exhibit 2**. The Defendants and the Company accepted the Equipment and became bound to pay Plaintiff the amounts owed. Defendants guaranteed all amounts owed on this account and are fully liable for all overdue amounts on them. This account represents a transaction or series of transactions for which a systematic record has been kept. See the attached verification of Roy Wahne. **By filing this suit, Plaintiff is not waiving any rights to request arbitration of any disputes over these claims.**

10. Defendants executed an Open-End Account Agreement (the "Agreement") for the Company on or about January 16, 2025, and delivered the same to Plaintiff. That Agreement is attached as **Exhibit 3** and is incorporated by reference. Further, Defendants personally guaranteed all amounts due on the Company's Account by executing and delivering a Continuing Guaranty of Payment (the "Guaranty Agreement"), a true and correct copy of which is attached hereto as **Exhibit 4**.

11. The present amount due to Holt, giving credit for all offsets and payments, is $400,950.00, plus accrued interest.

12. Plaintiff made demand on Defendants to pay, as shown on the attached **Exhibit 5**, but they have not done so.

13. As a result of Defendants' default, Plaintiff has been required to retain the undersigned attorneys and has agreed to pay them a reasonable and necessary fee. Pursuant to the agreement of the parties and/or appropriate provisions Chapter 38 of the Texas Civil Practice and Remedies Code, Plaintiff is also entitled to recover from Defendants all reasonable and necessary attorney's fees, plus costs of court.

## REQUEST FOR PERMANENT INJUNCTION

14. As part of the judgment in this case, Plaintiff further requests a permanent injunction against Defendants to prohibit the transferring of assets or other actions to frustrate the collection of a judgment. It is requested that Defendants, and all agents, officers, servants, employees, and attorneys, and those in active concert or participation with Defendants who receive actual notice of the permanent injunction by personal service or otherwise, be permanently enjoined and restrained from:

   a. Closing, selling, transferring, pledging, assigning, hypothecating, diminishing, withdrawing from, damaging, other than ordinary wear and tear, or taking any other action to lessen the value of, or putting outside the reach of Plaintiff as a creditor the following:

   i. All equipment, office furniture, owned or leased property, computers, telephone systems, safes, safe deposit boxes, vehicles, trailers, boats, tools, supplies or signage;

   ii. All checking or other bank or brokerage accounts, certificates of deposit, money market accounts, accounts receivable, cash or lines of credit;

   iii. All art, antiques, jewelry, collectibles;

   iv. All real estate or leased property, or any improvements thereon; and

   v. All stocks, bonds, options, derivatives, mutual funds, savings bonds, or other financial instruments of any kind.

15. It is requested the permanent injunction be issued without bond, given the judgment that will be entered against Defendants.

## RESPONSIBLE THIRD PARTIES

16. Plaintiff hereby requests, pursuant to Chapter 33.004, Texas Civil Practices and Remedies Code, and TRCP 194.2(c), Defendants disclose the identity of any responsible third parties within fifty (50) days of service of this request.

## PRAYER

Plaintiff requests that:

a. Defendants be cited to appear herein;

b. Plaintiff be granted judgment against Defendants in an amount in excess of the minimum jurisdictional limits of the Court;

c. Plaintiff be granted the permanent injunction prayed for above;

d. Plaintiff recover pre-judgment and post-judgment interest as allowed by contract, law or otherwise;

e. Plaintiff recover reasonable and necessary attorney's fees both at trial and on appeal;

f. Plaintiff recover costs of suit; and

g. Plaintiff have such other relief to which it may be entitled.

> CALDWELL CLARK FANUCCHI & FINLAYSON, PLLC
> 700 N. St. Mary's Street, Suite 1825
> San Antonio, Texas 78205
> (210) 225-1655 Telephone
> (210) 225-8999 Facsimile
>
> By: _____
> ZACHARY J. FANUCCHI
> State Bar No. 24028548
> *zfanucchi@ccfflegal.com*
> M. EDUARDO RAMIREZ
> State Bar No. 24081113
> *eramirez@ccfflegal.com*
> ***ATTORNEYS FOR PLAINTIFF***

## Verification for Suit on Sworn Account and for Injunctive Relief

BEFORE ME, the undersigned authority, on this day personally appeared ROY WAHNE, who swore on oath that the following facts are true:

1. "My full name is Roy Wahne.

2. I am employed as the Director of Financial Services of HOLT TEXAS, LTD. D/B/A HOLT POWER SYSTEMS ("Holt"), and I have care, custody, and control of all records concerning the account of KEVIN COLLIER and JOHN NELSON, as Guarantors for FCI SAND OPERATIONS, LLC ("Defendants").

3. The claim attached as Exhibit 1 to Plaintiff's Original Petition is within my personal knowledge, is just and true, and is due by Defendants to Holt and all just and lawful offsets, payments, and credits to this account have been allowed.

4. The records show that a total principal balance of $400,950.00, exclusive of interest, is due and payable by Defendants to Holt and demand for payment was made before this suit was filed.

5. I have also reviewed the request for permanent injunction in the Petition. Every statement contained in this request is true and correct and is necessary to prevent the improper transfer of assets while Holt attempts to collect its judgment."

*Roy Wahne*
ROY WAHNE

STATE OF TEXAS §
§
COUNTY OF BEXAR §

SUBSCRIBED AND SWORN TO BEFORE ME by Roy Wahne on this the 28 day of **August, 2025**, to certify which witness my hand and official seal.

*Cecelia Bock*
Notary Public, State of Texas

CECELIA BOCK
My Notary ID # 129677633
Expires December 8, 2028

Holt v. Collier-Johnson – Verification (2651.091)

Docusign Envelope ID: 88693731-D788-45E8-B53D-F770D2D3E7B8



Austin • Brownsville • Corpus Christi • Dallas • Edinburg • Ft Worth • Laredo • Longview • Pflugerville • San Antonio • Victoria • Waco

**Dustin Dugosh**
Used Power Systems Sales Representative

420 Marti Dr
Cleburne Tx 76033
Office:817-202-1000
(primary)Cell: 940-305-8897
Email: dustin.dugosh@holtcat.com

**Current Date: 02/04/2025**
**Quotation Expires:**
**Quotation:**
**Invoice number: SIEI06851010**
**Customer number: 0427785**
**Customer name: FCI Sand**

CUSTOMER CONTACT: John Nelson 512-680-6673
Cole Scott- colehallscott@gmail.com

In accordance with your request, we are pleased to submit the following sales agreement for your consideration. HOLT CAT proposes to furnish this equipment at the attached quoted price.

Machine ID: EPG-0369
S/N: 4GM00369
Year:1999
Make: CAT
Model: 3508B
1000kw / 60hz / 1800rpm, Weather Enclosed, CATERPILLAR Model 3508B Package Diesel Generator Set, U.L. Listed, CAT SR4B 692 Frame,12 Lead, Permanent Magnet Generator, CAT Premium EMCP 4.4 Control Panel, Auto Start / Stop Capability, Engine Safety Shutdowns, Auto Paralleling, Elec. Governor, 1600 Amp Breaker, Fuel & Oil Filters, Jacket Water Heater, 24V Starter, Aluminum Enclosure.
1,100hrs
Price: $195,000

Machine ID: EPG-0237
Serial #: 6WN00237
Year: 1998
Brand: CAT
Model: 3512B
1500Kw/60Hz/1800rpm, weather enclosed,24v Diesel Generator set. Jacket water heater.
698 hrs
Price: $255,000

**Exhibit 1**

Docusign Envelope ID: 88693731-D788-45E8-B53D-F770D2D3E7B8



Austin • Brownsville • Corpus Christi • Dallas • Edinburg • Ft Worth • Laredo • Longview • Pflugerville • San Antonio • Victoria • Waco

NOTE

Total price plus shipping is $465,950.00
Customer has opted for financing through Cat Financial 24 Months 0% down.
Holt is providing shipment of units to FCI SAND OPERATIONS LLC
94694 1-37, PLEASANTON TX 78064
Buyer is responsible for unloading and installation of gensets.
Units come with 6 month/1000hr which ever comes first limited warranty on major components, no travel or labor included.

John Nelson _____
Kevin Collier  _Kevin Collier_____
Cole Scott  _Cole Scott_____

Thank you for the opportunity of quoting this project. Holt CAT remains at your disposal for any additional information or assistance that you may require.

Kindest regards,
Dustin Dugosh
Holt CAT
Used Power Systems Sales Representative

**Extended Terms and Conditions:**
Customer will be charged a 25% cancellation fee if cancelled after shipment has been arranged. HOLT CAT IS AN EQUIPMENT SUPPLIER ONLY. THE CUSTOMER IS RESPONSIBLE FOR ANY AND ALL INSTALLATION OF THE ABOVE EQUIPMENT. ALL EQUIPMENT NEEDED TO PERFORM ANY LOADING OR UNLOADING OF THE EQUIPMENT SUPPLIED BY HOLT CAT IS THE RESPONSIBILITY OF THE BUYER. HOLT CAT LIMITS THE SCOPE OF SUPPLY FOR THIS QUOTATION TO THE EQUIPMENT AND SERVICES LISTED IN OUR BILL OF MATERIAL. UNLESS SPECIFICALLY LISTED IN OUR BILL OF MATERIAL, EQUIPMENT NOT INDICATED IS ASSUMED TO BE SUPPLIED BY OTHERS. WE HAVE DETAILED THE EQUIPMENT PROPOSED IN THE BILL OF MATERIAL. PLEASE CHECK IT TO BE CERTAIN THAT IT MEETS YOUR REQUIREMENTS. WE RESERVE THE RIGHT TO CORRECT ANY ERRORS OR OMISSIONS. STANDARD WARRANTY OF THE MANUFACTURER APPLIES. COPIES ARE AVAILABLE FROM THE MANUFACTURER UPON REQUEST. CONTRACTS WHICH INCLUDE PENALTY OR LIQUIDATED DAMAGE CLAUSES FOR FAILURE TO MEET PROMISED SHIPPING DATES ARE NOT ACCEPTABLE OR BINDING ON HOLT CAT, UNLESS ACCEPTED AND CONFIRMED IN WRITING BY AN OFFICER OF HOLT CAT AT ITS HEADQUARTERS OFFICE. HOLT CAT STANDARD AND EXTENDED TERMS AND CONDITIONS ARE INCLUDED IN THE QUOTATION AND HEREBY BECOME PART OF THIS QUOTATION. THESE SAME TERMS NEED TO BE NOTED ON ANY PURCHASE ORDER RECEIVED BY HOLT CAT IN ORDER TO PROCESS YOUR ORDER. HOLT CAT WILL NOT BE RESPONSIBLE FOR ANY LABOR OR MATERIAL CHARGES BY OTHERS ASSOCIATED WITH THE START-UP AND INSTALLATION OF THIS EQUIPMENT UNLESS PREVIOUSLY AGREED UPON, IN WRITING BY HOLT CAT.



P.O. BOX 207916
San Antonio, TX 78220-7916

**Bill To:**

FCI SAND OPERATIONS LLC
13201 FM 812
DEL VALLE TX 78617

**Ship To:** DIRECT SHIP
FCI SAND OPERATIONS LLC
94694 I-37
PLEASANTON, TX. 78064

# SALES INVOICE

| | |
|---|---|
| INVOICE NUMBER: | SIEI06924010 |
| Invoice Date: | 03/19/25 |
| Total Due | $400,950.00 |
| Due Date | Payment Terms Below |
| Make | AA |
| Model | 3508B |
| Serial # | 4GM00369 |
| Ship Via | |
| Machine ID | EPG-0369 |
| Meter Reading | .00 |
| Agreement Number | E0692401 |

TO VIEW ONLINE GO TO:
USING THIS TOKEN:
https://holtcat.billtrust.com
Use Invoice Number

PLEASE REMIT TO:
Holt CAT
P.O. BOX 650345
DALLAS, TX 75265-0345

For questions regarding your invoice-Call your rep or our Sales Manager at 972.721.5800

| Customer # | Customer Order # | Doc Date | Sales Representative | Division | Store | Account Status |
|---|---|---|---|---|---|---|
| 0427785 | FINANCING | 03/19/25 | 633 | E | EI | 1 |

| Quantity | Item | Description | Unit Price / Rate | Extension |
|---|---|---|---|---|
| | | CUSTOMER CONTACT: JOHN NELSON | | |
| | | EQUIPMENT SALE | | |
| | | CATERPILLAR INC    MODEL   3508B | | |
| | | INDUSTRIAL ENGINE | | |
| 1.0 | | ID NO: EPG-0369    SERIAL NO:  4GM00369 | | 195000.00 |
| | | EQUIPMENT SALE | | |
| | | CATERPILLAR INC    MODEL   3508B | | |
| | | INDUSTRIAL ENGINE | | |
| 1.0 | | ID NO: EPG-455U    SERIAL NO:  4GM00455 | | 190000.00 |
| | | EQUIPMENT SALE | | |
| | | OTHER NON CAT     MODEL | | |
| | | FREIGHT | | 15950.00 |
| 1.0 | | ID NO: NSEPG0369   SERIAL NO: NSEPG0369 | | |
| | | TERMS: 60 MONTH FINANCING | | |
| | | CASH ON RECEIPT | | |

| | |
|---|---|
| Sale | $385,000.00 |
| Misc. | $15,950.00 |
| Tax | $0.00 |
| **TOTAL** | **$400,950.00** |

Fuel service charges do not include Texas State motor fuel taxes. * - NOT RETURNABLE
Your business is important to us and we strive to be your dealership of choice. Our goal is to provide legendary customer service.
If we did not score a 10 on a scale of 1 to 10, please contact cx.manager@holtcat.com.

**Terms of Payment:** Unless specific terms of payment are stated above, which shall then be the governing terms hereof, this invoice shall otherwise be due and payable as follows: Parts and Service 30 days from the invoice date; Equipment Sales in advance, prior to delivery of the equipment; Rentals due and payable upon receipt of invoice. A service charge of 1.5% per month will be charged on the unpaid balance if not paid within terms.
© HOLT, Tx Ltd

# EXHIBIT 2

Page 1 of 1

OPEN-END ACCOUNT AGREEMENT

Revised 10.2022

# FCI SAND OPERATIONS LLC

This Open End Account Agreement ("Agreement") is between _____FCI SAND OPERATIONS LLC_____ ("Customer"), on the one hand, and each of the following entities: (i) Holt Texas, Ltd., d/b/a Holt CAT and Holt Crane & Equipment; (ii) H C Machinery Co., d/b/a HC Used Parts ;(iii) Holt Consulting Services. Inc. d/b/a Holt Development Services, Inc.; (iv) Holt Diversified Industries, Ltd.; (v) Holt Rental Services, Ltd; (VI) Holt Manufacturing and their successors, assigns, affiliates, and management companies (individually and collectively referred to herein as the "Holt Entities" or "HOLT"), on the other hand, so that Customer may from time-to-time purchase, lease or rent goods or services. Customer and HOLT hereby agree as follows:

**Extension of Credit:** Customer asks HOLT to extend open-end credit for Customer's account with HOLT for the purchase, lease or rental of goods and services offered by HOLT that Customer receives credit from. Customer will pay to HOLT at the following lock box address: P.O. Box 650345, Dallas, TX 75265-0345 (or such other address provided in writing to Customer by HOLT), all amounts of credit charged to Customer's account by Customer or any person acting or purporting to act on Customer's behalf: and all finance and other charges incurred. Holt is authorized to obtain, verity, and record any and all information required by the Patriot Act, or any similar financial disclosure laws or regulations.

**Terms:** Invoices charged to an approved open-end account are due and payable as follows or as otherwise provided in a particular invoice. 1) Parts and Service- thirty (30) days from invoice date. 2) Equipment Sales- in advance, prior to delivery of the equipment. 3) Rentals- due and payable upon receipt of invoice. Payment on all invoices must be in the form of cash, check, ACH or wire transfer, or such other method as HOLT, in its sole discretion, shall authorize.

**Finance Charge:** Invoices not paid on or before the due date will be assessed a finance charge of the lesser of (i) the maximum allowable rate, or (ii) 1.5% per month (18% per annum), on the unpaid invoice balance.

**Change of Address and Billing Inquiries:** Customer will give prompt written notice to HOLT at P.O. Box 207916, San Antonio, Texas 78220 or such other address provided in writing to Customer by HOLT, of any billing inquiries or a change of Customer's address.

**Default:** If a Default occurs, HOLT may (i) decline to extend further credit hereunder (and Customer agrees not to make any further credit purchases, leases or rentals), (ii) declare all debts of Customer to HOLT arising hereunder or otherwise to be immediately due and payable without notice or demand of any kind, and (iii) exercise any other rights of HOLT, whether in law or in equity. "Default" means (a) failure of Customer to pay when due any indebtedness owed to HOLT, whether arising hereunder or otherwise, and whether now existing or hereafter arising, (b) failure of Customer to otherwise comply with any of the other terms of this Agreement, (c) death, bankruptcy or insolvency of Customer, or (d) HOLT in good faith believes that the prospect of payment or performance of Customer's obligations to HOLT is impaired. Customer shall be liable for: (I) all costs of complying with any subpoena or deposition request in connection with suits, demands, proceedings or actions relating to Customer; and (2) all collection costs actually incurred by HOLT. These costs include, without limitation, reasonable attorney's fees and related expenses, hourly rates of mechanics or other hourly personnel who have to provide testimony, attend machine inspections or locate information and materials, and discounts given or fees paid if Customer's account is sent to a collection agency.

**Limitation of Warranties and Damages:** EXCEPT FOR ANY EXPRESS, WRITTEN WARRANTY PROVIDED TO CUSTOMER AND SIGNED BY A DULY AUTHORIZED REPRESENTATIVE OF HOLT, HOLT MAKES NO WARRANTIES OF ANY TYPE, EXPRESS OR IMPLIED, WITH REGARD TO GOODS SOLD, LEASED OR RENTED TO CUSTOMER BY HOLT, OR ANY SERVICES PROVIDED TO CUSTOMER BY HOLT, INCLUDING, WITHOUT LIMITATION, ANY WARR-\NTY OF MERCHANTABILITY, FITNESS OR SUITABILITY FOR A PARTICULAR PURPOSE, DESIGN, CONDITION, CAPACITY, PERFORMANCE, OR QUALITY OF MATERIALS OR WORKMANSHIP. IN NO EVENT SHALL HOLT BE LIABLE FOR SPECIAL OR CONSEQUENTIAL DAMAGES INCLUDING, WITHOUT LIMITATION, LOST PROFITS.

**Miscellaneous:** This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements between Customer and HOLT. As used herein, the singular number includes the plural. Customer may not assign this Agreement without the express written consent of HOLT. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their heirs, personal representatives, successors and assigns. Time is of the essence of this Agreement. This Agreement may not be amended except by an instrument in writing executed by all parties hereto. In case any one or more of the provisions contained herein shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein. This Agreement shall not be strictly construed against any party hereto. Customer hereby grants to HOLT a security interest in all purchases.

**Usury:** HOLT and Customer intend that this Agreement and any credit extended shall be in strict compliance with the applicable usury laws. If at any time any interest (including amounts deemed by law to be interest) contracted for, charged or received would be usurious under applicable law, then regardless of the provisions of this Agreement or any action or event, it is agreed that all sums that otherwise would be usurious shall be credited by HOLT as a payment of principal, or if the debt has already been paid, immediately refunded to Customer. All compensation which constitutes interest under applicable law in connection with this Agreement shall be amortized, prorated, allocated and spread over the full term of the credit period, and over the full amount of the debt, to the greatest extent permissible without exceeding the maximum legal rate in effect from time to time during such period.

**Governing Law; Exclusive Jurisdiction:** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Each party hereby irrevocably and unconditionally consents to submit, and waives any objection, to the exclusive jurisdiction of the courts of the State of Texas or the United States of America located in the City of San Antonio, Texas, for any actions, suits, arbitrations or proceedings arising out of or relating to this Agreement, any equipment or other goods purchased, leased or rented by Customer from HOLT, or any services provided by HOLT to Customer (and agrees not to commence any such actions, suits, arbitrations or proceedings except in such courts). Each party further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum. Without waiver of this exclusive venue, it shall not be deemed a breach of this provision if HOLT elects to institute an action, suit, arbitration, or proceeding in the City of Dallas, Texas, if Customer has its principal place of business in Dallas County, Texas, or any county contiguous with Dallas County, Texas.

**Arbitration:** Except as hereinafter provided, any controversy arising out of or relating to this Agreement, even if Customer's application for credit is declined, limited, or terminated, any equipment purchased, leased or rented by Customer from HOLT, or any services provided by HOLT to Customer, shall, at the option of either party, be settled by arbitration conducted in San Antonio, Bexar County, Texas in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment on any award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The expenses of the arbitrator(s) shall be borne (or reimbursed, as applicable) by the non-prevailing party. Notwithstanding the foregoing, HOLT, without waiver of this arbitration agreement, may commence a suit or action against Customer seeking to recover past-due indebtedness owed to HOLT in connection with equipment or other goods sold, leased or rented to Customer or services provided to Customer without the case being submitted to arbitration, unless and until Customer or HOLT requests arbitration as provided herein. **RIGHT TO A JURY TRIAL IS HEREBY WAIVED.**

NOTICE: CUSTOMER AGREES TO BINDING ARBITRATION AND WAIVER OF JURY TRIAL OF DISPUTES AS PROVIDED ABOVE.

Signature of Customer:

Authorized Signature: *KC* (Kevin Collier (Jan 16, 2025 18:15 CST))
Date: 01/16/2025
Printed Name: **KEVIN COLLIER**
Title: **MANAGER**

Signature of Authorized Holt Entities Representative:

Authorized Signature: (J. Nelson (Jan 16, 2025 18:05 CST))
Date: 01/16/2025
Printed Name: **JOHN NELSON**
Title: **MANAGER**

**EXHIBIT 3**

OPEN-END ACCOUNT AGREEMENT                                Revised 10.2022

_____ Date: _____

                                            Title: _____










JOHN NELSON                          MANAGER
_____         _____

           **EXHIBIT 3**

Revised 10.2022

## CONTINUING GUARANTY OF PAYMENT

WHEREAS, **FCI SAND OPERATIONS LLC** ("**COMPANY**") may from time to time become indebted to **HOLT TEXAS, LTD. d/b/a HOLT CAT** and/or its affiliates and subsidiaries ("**HOLT**"). As an inducement for Holt entering into business transactions with Company, the undersigned **Guarantor** ("**GUARANTOR**"), executes this Continuing Guaranty of Payment ("**Guaranty**") effective as of the date written below.

NOW, THEREFORE, for valuable consideration, receipt of which is hereby acknowledged, GUARANTOR hereby unconditionally and absolutely guarantees to HOLT the prompt and full payment of the Guaranteed Indebtedness (as that term is defined below) when due or declared to be due and at all times thereafter, upon the following terms and conditions:

1. "GUARANTEED INDEBTEDNESS" shall mean all indebtedness and all sums of every kind and character, whether now existing or hereafter arising or owing by Company to HOLT, regardless of the type of instrument and without limit as to amount, together with interest thereon, any penalties, fees, and expenses (including, but not limited to attorneys' fees) as provided for under any instrument or document evidencing such indebtedness.

2. This is an absolute, continuing and unconditional guaranty of payment and not of collection, and GUARANTOR'S obligations hereunder are irrevocable. This Guaranty shall remain in full force and effect and shall not be extinguished in whole or part by a full or partial payment towards the Guaranteed Indebtedness, nor shall this personal Guaranty be extinguished or superseded by subsequent credit application(s) or open end account agreements(s) submitted to HOLT by either the Company or Guarantor. Liability of GUARANTOR shall continue until written notice of termination sent by certified mail is actually received by HOLT, and such notice shall be effective only as to the undersigned GUARANTOR, and only if the COMPANY'S obligations are paid in full. Such termination notice shall not be effective for obligations arising prior to the actual receipt of the notice by HOLT.

3. GUARANTOR agrees to immediately pay in full the Guaranteed Indebtedness to HOLT upon demand made by HOLT.

4. GUARANTOR hereby waives notices, whether to GUARANTOR or the COMPANY, of: 1) acceptance; 2) amounts of Guaranteed Indebtedness; 3) default; 4) demand for payment; 5) intent to accelerate; 6) acceleration; and, 7) the like. GUARANTOR also waives the taking of any action by HOLT against the COMPANY, or any other guarantor; pursuing any collection remedies against Company; commencing or exhausting any legal remedies against Company or other guarantors; or enforcing any rights against any collateral securing the Guaranteed Indebtedness, if any. GUARANTOR hereby waives any rights GUARANTOR has under, or any requirements imposed by, Chapter 34 of the Texas Business and Commerce Code, or by any similar statute or law.

5. Any dispute between the Company and HOLT has no effect on this Guaranty or the GUARANTOR'S obligations hereunder.

6. GUARANTOR agrees that HOLT may: (i) bring suit against GUARANTOR, (ii) compound or settle with any other guarantor or Company for such consideration that HOLT may deem proper, and (iii) release one or more guarantors or Company from liability. No such action impairs HOLT from collecting any part of Guaranteed Indebtedness from the GUARANTOR or any other guarantors.

7. This Guaranty is for the benefit of HOLT, its successors and assigns, and is binding on the GUARANTOR, its successors and assigns, including upon GUARANTOR's estate.

8. If GUARANTOR should fail to perform any provision of this Guaranty, GUARANTOR agrees to pay HOLT all costs and expenses (including court costs and reasonable attorneys' fees) incurred by HOLT in the enforcement of this Guaranty. No delay or failure on the part of HOLT in exercising any right hereunder shall operate as a waiver of such right by HOLT.

9. **THIS WRITTEN AGREEMENT IS GOVERNED BY THE LAWS OF TEXAS AND REPRESENTS THE FINAL AGREEMENT BETWEEN HOLT AND GUARANTOR AND MAY NOT BE CONTRADICTED BY EVIDENCE OR PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS BETWEEN HOLT, GUARANTOR, AND/OR COMPANY. GUARANTOR FURTHER AGREES THAT VENUE IS PROPER IN BEXAR COUNTY, TEXAS. GUARANTOR FURTHER AGREES TO ARBITRATION OF ANY DISPUTES UNDER THIS GUARANTY IN BEXAR COUNTY, TEXAS THROUGH A PRIVATE ARBITRATOR APPOINTED BY THE COURTS OF BEXAR COUNTY.**

Executed as of the **16** day of **JANUARY**, 20**25**.

Guarantor: **JOHN NELSON & KEVIN COLLIER**
Printed Name

Attest: _____
Witness Name

_____
Witness Signature

_____
SSN or DL Number

Signature

**94694 I-37**
Address

**PLEASANTON, TX 78064**
City, State, Zip

## EXHIBIT 4



# CCFF
## Caldwell Clark Fanucchi & Finlayson PLLC
*Attorneys and Counselors at Law*

G. Wade Caldwell
R. Christopher Clark
Zachary J. Fanucchi
David B. West [*]
Brad S. Akin [**]
Valerie Van Courtlandt
J. Alexander Garcia III
Karen A. Monsen [***]
Robert F. Seiler
M. Eduardo Ramirez
Clinton M. Malloy
Joe A. Mims
Michael W. Shields

BOARD CERTIFIED
[*] Commercial Real Estate Law
[**] Civil Trial Law
Texas Board of Legal Specialization

[***] L.L.M. - Taxation

Zachary J. Fanucchi
zfanucchi@ccfflegal.com
(210) 228-3614

August 8, 2025

*Via CMRRR #9589 0710 5270 2076 1191 57,*
*1st Class Mail and Email: jn@fcisand.com,*
Kevin Collier, as Guarantor of
FCI Sand Operations, LLC
6850 County Road 120
Marble Falls, Texas 78654

*Via CMRRR #9589 0710 5270 2076 1191 64,*
*1st Class Mail and Email: kc@fcisand.com ,*
John Nelson, as Guarantor of
FCI Sand Operations, LLC
12016 Kirkland Ct.
Austin, Texas 78738

Re:    Creditor:    Holt Texas, Ltd. ("HOLT")
       Debtor:      FCI Sand Operations, LLC (the "Company") and its Guarantors
       CEF File No: 2651.091

Messrs. Collier and Nelson:

    Our firm has been retained by HOLT to collect the amounts owed to HOLT by the Company for the equipment sold by HOLT to the Company, for which you are each a Personal Guarantor.

    As of the date of this letter, the principal amount that HOLT is owed by the Company is Four Hundred Thousand Nine Hundred Fifty and 00/100 Dollars ($400,950.00). My client has made requests for payment and attempts to resolve this matter without the necessity of involving this firm. Because of the necessity of retaining this firm to collect this debt, payment in the additional amount of Two Thousand and no/100 Dollars ($2,000.00) as attorney fees must also be tendered at this time. Attorney fees will continue to accrue if payment in full is not promptly received.

    This delinquent account has reached a point where we must pursue all remedies available by law. I trust, however, that this will not be necessary. Demand is hereby made for payment of Four Hundred Two Thousand Nine Hundred Fifty and 00/100 Dollars (**$402,950.00**). I have been instructed to make one demand for payment, and one demand only, and if no immediate payment is forthcoming, or no arrangements are made for satisfaction of this debt, then I have been instructed to proceed with immediate suit to collect the amount owed by all lawful means and through all remedies available at law, including the filing of a lawsuit against each of you as its Personal Guarantors. This should not be considered a waiver of my client's ability to seek recovery of the contractual interest owed.

One Riverwalk Place    A Texas Professional Limited Liability Company    San Antonio, Texas 78205
       700 North St. Mary's Street, Suite 1825
Telephone (210) 225-1655    Fax (210) 225-8999    www.ccfflegal.com

**EXHIBIT 5**

FCI Sand Operations, LLC
August 8, 2025
Page 2

---

We are attempting to collect a debt. Any information will be used for that purpose.

Please call my office immediately upon receipt of this letter so we can discuss some amicable resolution to this matter. If you have any questions, please do not hesitate to write at zfanucchi@ccfflegal.com.

Very truly yours,



ZACHARY J. FANUCCHI

ZJF/amg

cc:    Client (*Via E-Mail*)

---

**Certified Mail Receipt 9589 0710 5270 2076 1191 57**
Sent To: Kevin Collier, as Guarantor of FCI Sand Operations, LLC
6850 County Road 120
Marble Falls, Texas 78654

**Certified Mail Receipt 9589 0710 5270 2076 1191 64**
Sent To: John Nelson, as Guarantor of FCI Sand Operations, LLC
12016 Kirkland Ct.
Austin, Texas 78738

One Riverwalk Place    A Texas Professional Limited Liability Company
700 North St. Mary's Street, Suite 1825    San Antonio, Texas 78205
Telephone (210) 225-1655    Fax (210) 225-8999    www.ccfflegal.com

**EXHIBIT A-1**